KILPATRICK TOWNSEND & STOCKTON LLP
DENNIS L. WILSON (Bar No. 155407)
DWilson@kilpatricktownsend.com
DAVID K. CAPLAN (Bar No. 181174)
DCaplan@kilpatricktownsend.com
CAROLINE Y. BARBEE (Bar No. 239343)
CBarbee@kilpatricktownsend.com
9720 Wilshire Blvd PH
Beverly Hills, CA  90212-2018
Telephone:   310-248-3830
Facsimile:   310-860-0363

Attorneys for Plaintiff
VIACOM INTERNATIONAL INC.

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIACOM INTERNATIONAL INC.,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOES 1-5 inclusive, d/b/a, <nickreboot.com>,<br><br>Defendant. | Case No. **'15CV0446 BAS BLM**<br><br>**COMPLAINT FOR:**<br><br>**(1) COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §§ 501** *et seq.***;**<br><br>**(2) TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114(1);**<br><br>**(3)  FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a);**<br><br>**(4) CYBERSQUATTING UNDER 15 U.S.C. 1125(d);**<br><br>**(5) STATUTORY UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE § 17200;**<br><br>**(6) COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |



Plaintiff Viacom International Inc. ("Viacom"), by and through its undersigned counsel of record, for its Complaint against John Does 1 through 5 inclusive (collectively "Defendants"), alleges as follows:

## NATURE OF THE CASE

1. This case arises out of the infringing conduct of Defendants in operating the <nickreboot.com> website, which, without authorization, offers live streaming and on-demand viewing of classic television programming from the Nickelodeon channel, which is owned by Viacom. Nickelodeon, which is now in its 35th year, is the number-one entertainment brand for kids. It has built a diverse, global business by focusing on entertainment for kids. Nickelodeon includes television programming and production in the United States and around the world, in addition to consumer products, digital products, recreation, books and feature films. Nickelodeon's U.S. television network is seen in more than 100 million households and has been the number-one-rated basic cable network for 20 consecutive years.

2. Defendants launched their <nickreboot.com> website on or about April 4, 2012. The website purports to offer 24/7 free live streaming of classic Nickelodeon television shows from the 1990's and early 2000's, displaying varying television episodes in random order.

3. In addition to free live streaming, <nickreboot.com> offers paid on-demand viewing to subscribers at the following price options: (a) $3.99 per month; (b) $9.99 for three months; (c) $19.99 for six months; and (d) $35.99 for one year. The <nickreboot.com> website also accepts donations and offers extended site features for members who donate.

4. Viacom, which owns the copyrights and trademarks in Viacom content, including content airing on the Nickelodeon networks, never authorized Defendants' use of Viacom's copyrighted content or any Nickelodeon trademarks on the

///



<nickreboot.com> website.  Viacom therefore brings this action to prevent the continued willful infringement of its copyrights and trademarks.

## THE PARTIES

5.     Viacom International Inc., one of the world's leading creators of programming and content across all media platforms, is a company organized and existing under the laws of the State of Delaware, having its principal place of business at 1515 Broadway, New York, NY 10036.

6.     Viacom is currently unaware of the identities of Defendants and therefore sues such defendants by the fictitious acronyms John Does 1-5 inclusive. Plaintiffs are informed and believe that discovery will reveal Defendants' true identities.  Plaintiffs will amend this Complaint to identify Defendants by name after their identities are discovered.

## JURISDICTION AND VENUE

7.     This lawsuit arises from Defendants' willful and malicious violations of the federal Copyright Act, 17 U.S.C. §§ 101, *et seq*., the trademark laws of the United States, 15 U.S.C. § 1051, *et seq*., particularly under 15 U.S.C. §§ 1114 and 1125, as well as California statutory unfair competition law and the common law of unfair competition and trademark infringement in California.

8.     This Court has jurisdiction of the federal claims under 28 U.S.C. §§ 1331 and 1338, 17 U.S.C. § 201, and 15 U.S.C. §§ 1116, 1121, and 1125.  This Court has supplemental jurisdiction of the state law claims under 28 U.S.C. §§ 1367(a) and 1338(b), those claims being joined with a substantial and related claim under the Trademark Laws of the United States and so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

9.     Venue in this district is proper pursuant to 28 U.S.C. § 1391 and/or 28 U.S.C. § 1400(a). Although the true identity of each Defendant is unknown to Viacom at this time, Viacom is informed and believes and on that basis alleges that



each Defendant may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District.  On information and belief, Defendants stream the <nickreboot.com> website through a server located in San Diego.

10. Viacom is informed and believes and on that basis alleges that personal jurisdiction in this District is proper because each Defendant, without the consent or permission of Viacom, distributed and offered to distribute over the Internet copyrighted works for which Viacom has exclusive rights, and used Viacom's trademarks in California in a manner likely to cause confusion among members of the consuming public.  On information and belief, Defendants' <nickreboot.com> website is directed to users in California, as evidenced by the statement on the Privacy Policy section of the <nickreboot.com> website stating that Defendants have "taken the necessary precautions to be in compliance with the California Online Privacy Protection Act."  See **Exhibit A**.  On information and belief, such unlawful conduct occurred in every jurisdiction in the United States, including this one.  In addition, each Defendant has directed tortious acts at Viacom in this District and has committed tortious acts that each Defendant knew or should have known would cause injury to Viacom in this district.

## VIACOM AND ITS NICKELODEON BRANDS

11. Viacom is among the world's preeminent creators, producers and distributors of copyrighted films and television programing.  Viacom has invested and continues to invest billions of dollars annually to create and disseminate these works.

12. Viacom distributes and publicly performs those works, and/or licenses them for distribution and/or public performance, by telecast on cable and satellite television systems, on DVD and other video formats, through Viacom websites and various authorized internet distribution channels, and over mobile and other portable devices, among other ways.

13. Viacom owns several television networks targeting the kids and family audience marketed under the Nickelodeon brand that include Nickelodeon, Nick at Nite, Nick Jr., TeenNick, NickMom and Nicktoons (collectively the "Nickelodeon Networks").

14. The Nickelodeon cable television network is available in more than 100 million households via cable, digital cable and satellite TV and has been the number-one-rated basic cable network for 20 consecutive years, featuring both original and licensed programming for kids.

15. Nick at Nite is Nickelodeon's nighttime programming block that features popular hit family comedies, including the Emmy Award-winning series "Friends," as well as "Full House," "George Lopez," "Yes, Dear," "New Adventures of Old Christine" and hit originals like "See Dad Run," starring Scott Baio and "Instant Mom," starring Tia Mowry-Hardrict.

16. Nickelodeon produces and distributes television programming worldwide, has a global consumer products licensing business and offers a number of premium mobile apps through the Nickelodeon Games Group featuring its popular characters such as SpongeBob SquarePants.

17. Nickelodeon and Nick at Nite reached approximately 96.4 million domestic television households in September 2014. Nickelodeon's brands are seen globally in more than 550 million households across approximately 140 territories, via more than 80 locally programmed channels and branded blocks.

18. Nickelodeon's online, mobile and app experiences include, among others, Nick.com, the online destination for all things Nickelodeon, featuring video streaming of Nick content and games. In the quarter ending September 30, 2014, Nick.com averaged 6.5 million monthly unique visitors and 8.7 million content video streams each month. As of September 30, 2014, the Nick App had been downloaded approximately 11 million times.

///



19. Nick Jr., the 24-hour network from Nickelodeon dedicated to preschoolers and moms, currently reaches almost 75 million households via cable, digital cable and satellite TV.  Nick Jr. seeks to assist parents by educating and entertaining preschoolers, providing kids an opportunity to engage with characters they love while building their imaginations, gaining key cognitive and social-emotional skills and learning about the world around them.  In the quarter ending September 30, 2014, Nick Jr.com averaged 3.2 million monthly unique visitors, and has an average of 25 million content video streams each month.

20. TeenNick, Nickelodeon's 24-hour TV network exclusively for and about teens and tweens, is available in almost 73 million households via cable, digital cable and satellite.  Featuring a roster of ever-popular Nick favorites, original programming, and award-winning series, TeenNick presents an authentic teen experience, with all its emotional intensity, energy and humor, across multiple platforms and integrated social media.  In the quarter ending September 30, 2014, TeenNick.com averaged 890,000 monthly unique visitors and has an average of 345,000 content video streams each month.

21. Nicktoons has the highest concentration of boy viewers ages 2 to 11 across all television and offers a roster of hits that have defined kids' and animation lovers' TV, including the "Yu-Gi-Oh!," "Digimon" and "Power Rangers" franchises; "Avatar: The Last Airbender;" "Invader Zim;" "Danny Phantom;" "SpongeBob SquarePants;" "The Fairly OddParents;" and "The Adventures of Jimmy Neutron, Boy Genius."  Nicktoons also features "NickSports," a weekly programming block showcasing a mix of original and acquired long- and short-form content from the professional sports leagues NFL, MLS, NASCAR and WWE; series including "Wild Grinders" from Rob Dyrdek, the animated "NFL RUSH ZONE" and the magazine-format show "NFL RUSH;" documentary programming; and acquired sports-themed theatrical movies.   Nicktoons currently reaches almost 68 million homes via cable, digital cable and satellite.



22. Viacom licenses its programs for distribution via cable, digital cable and satellite television providers as well as to online and mobile platforms. Licensed online distribution for programs airing on the Nickelodeon Networks include Apple's iTunes Music Store, which sells secure digital downloads, and Amazon Instant Video, which offers secure digital streaming. The shows distributed through such licensed on-line distribution channels include, but are not limited to, "CatDog," "ChalkZone," "Clarissa Explains It All, "Figure It Out," and "SpongeBob SquarePants."

## VIACOM'S NICKELODEON COPYRIGHTS AND TRADEMARKS

23. The works at issue in this lawsuit consist of numerous episodes of popular television shows and/or movies owned by Viacom (collectively the "Viacom Works"), including, but not limited to:

    a. "Avatar: The Last Airbender"
    b. "As Told By Ginger"
    c. "CatDog"
    d. "Drake and Josh"
    e. "iCarly"
    f. "Invader Zim"
    g. "SpongeBob SquarePants"

24. The Viacom Works are the subject of numerous United States Copyright Registrations owned by Viacom, the details of which are set forth in **Exhibit B**. These registrations are valid, subsisting and in full force and effect.

25. Viacom is also the owner of numerous United States Trademark Registrations for NICKELODEON, NICK AT NIGHT, NICK JR., TEENNICK, NICKTOONS and NICK, including registrations for various television shows that air or have aired on the Nickelodeon Networks (collectively the "Nickelodeon Marks"). Details regarding the registrations for the Nickelodeon Marks are set forth in detail in **Exhibit C**.



## DEFENDANTS' UNLAWFUL CONDUCT

26. One or more of the Defendants operate a website at the domain name <nickreboot.com>. The operator(s) of <nickreboot.com> are unlawfully disseminating pirated Viacom Works to users, and using the Nickelodeon Marks, without authorization to promote this infringing service. Printouts of screenshots of the <nickreboot.com> website are attached as **Exhibit D**.

27. A printout from the Network Solutions WHOIS database reflecting Whois Privacy Corp. as the registrant of the <nickreboot.com> domain name is attached as **Exhibit E**.

28. Viacom is informed and believes and on that basis alleges that Defendants have used Whois Privacy Corp. for the registration of the <nickreboot.com> domain name in an attempt to conceal their identity.

29. Viacom is informed and believes and on that basis alleges that Whois Privacy Corp, and other service providers, including payment processors and Internet service providers, are in possession of the Defendants' true identities and contact information. Viacom will seek to conduct preliminary discovery of these entities in order to discover Defendants' true identities.

30. Viacom is informed and believes and on that basis alleges that Defendants and each of them have unlawfully distributed, reproduced, performed or otherwise exploited pirated copies of the Viacom Works to users in the United States (and elsewhere) and have used Internet Service Providers located in California and/or elsewhere in the United States to carry out their unlawful activities alleged herein.

31. Viacom has not authorized Defendants to distribute, reproduce, perform or otherwise exploit the Viacom Works within the United States or North America.

32. Viacom is informed and believes and on that basis alleges that Defendants and each of them have actual and constructive knowledge of Viacom's



- 8 -

1  exclusive rights in the Viacom Works, and are distributing, reproducing, performing
2  and otherwise exploiting the Viacom Works willfully, maliciously and with wanton
3  disregard of Viacom's exclusive rights.

4  33.  Viacom has not authorized Defendants to use the Nickelodeon Marks.

5  34.  Viacom is informed and believes and on that basis alleges that
6  Defendants' unauthorized use of the Nickelodeon Marks is causing actual confusion
7  in the marketplace.

## FIRST CAUSE OF ACTION

### (Copyright Infringement)

**[17 U.S.C. §§ 501, *et seq*.]**

11  35.  Viacom refers to, repeats and realleges all allegations contained in
12  Paragraphs 1 through 34 of this Complaint and incorporates them by reference as
13  though set forth in full.

14  36.  Defendants have willfully, intentionally and maliciously distributed,
15  reproduced, performed and otherwise exploited the Viacom Works in the United
16  States and throughout North America.

17  37.  Through their conduct alleged herein, Defendants have infringed
18  Viacom's copyrights in the Viacom Works in violation of Sections 106 and 501 of
19  the Copyright Act, 17 U.S.C. §§ 106 and 501.

20  38.  Viacom is informed and believes and on that basis alleges that
21  Defendants are fully aware of Viacom's exclusive rights, and have infringed
22  Viacom's rights willfully, maliciously and with wanton disregard.

23  39.  As a direct and proximate result of said infringement by Defendants,
24  Viacom is entitled to the maximum statutory damages pursuant to 17 U.S.C. §
25  504(c).  Alternatively, pursuant to 17 U.S.C. § 504(b), at Viacom's election, Viacom
26  is entitled to recover its actual damages, in an amount to be proven at trial, plus
27  Defendants' profits attributable to the infringement including an accounting of and a
28  constructive trust with respect to such profits.



40. Viacom is also entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

41. Defendants' conduct as alleged herein has caused and will continue to cause Viacom irreparable harm for which there is no adequate remedy at law. Viacom is informed and believes and on that basis alleges that unless enjoined and restrained by this Court, Defendants will continue to infringe Viacom's rights in the Viacom Works. Accordingly, Viacom is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## SECOND CAUSE OF ACTION
### (Trademark Infringement)
### [15 U.S.C. § 1114(1)]

42. Viacom refers to, repeats and realleges all allegations contained in Paragraphs 1 through 41 of this Complaint and incorporates them by reference as though set forth in full.

43. Defendants' use of confusingly similar imitations of Viacom's Nickelodeon Marks is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' pirated Viacom Works are produced, distributed, endorsed, sponsored, approved, or licensed by Viacom, or are associated or connected with Viacom.

44. Defendants have used marks confusingly similar to Viacom's federally registered Nickelodeon Marks in violation of 15 U.S.C. § 1114. Defendants' activities have caused, and unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and additionally, injury to Viacom's goodwill and reputation as symbolized by the registered Nickelodeon Marks, for which Viacom has no adequate remedy at law.

45. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Viacom's federally registered Nickelodeon Marks to Viacom's great and irreparable injury.



46. Defendants have caused and are likely to continue causing substantial injury to the public and to Viacom, and Viacom is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## THIRD CAUSE OF ACTION

## (False Designation of Origin)

## [15 US.C. § 1125(a)]

47. Viacom refers to, repeats and realleges all allegations contained in Paragraphs 1 through 46 of this Complaint and incorporates them by reference as though set forth in full.

48. Defendants' use of confusingly similar imitations of Viacom's Nickelodeon Marks has caused and is likely to continue causing confusion, deception, and mistake by creating the false and misleading impression that Defendants' <nickreboot.com> website is affiliated, connected, or associated with Viacom, or has the sponsorship, endorsement, or approval of Viacom.

49. Defendants have made false representations, false descriptions, and false designations of their services in violation of 15 U.S.C. § 1125(a). Defendants' activities have caused, and unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, as well as injury to Viacom's goodwill and reputation as symbolized by the Nickelodeon Marks, for which Viacom has no adequate remedy at law.

50. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Viacom's Nickelodeon Marks to the great and irreparable injury of Viacom.

51. Defendants' conduct has caused, and is likely to continue causing, substantial injury to the public and to Viacom. Viacom is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and

///



damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

## FOURTH CAUSE OF ACTION
### (Cybersquatting)
### [15 US.C. § 1125(d)]

52. Viacom refers to, repeats and realleges all allegations contained in Paragraphs 1 through 51 of this Complaint and incorporates them by reference as though set forth in full.

53. Viacom's Nickelodeon Marks are distinctive and well known, having become associated with Viacom through extensive promotion and use.  The Nickelodeon Marks have gained recognition throughout the United States and are eligible for protection against cybersquatting.

54. Defendants registered the <nickreboot.com> domain name, which fully incorporates the NICK word mark and is confusingly similar to the Nickelodeon Marks, with a bad faith intent to profit from the Nickelodeon Marks and the consequent confusion of Internet users without any reasonable grounds to believe that Defendants' use and registration of the <nickreboot.com> domain name was fair.

55. Defendants have registered and used the <nickreboot.com> domain name without authorization from Viacom.

56. Defendants' actions constitute cyberpiracy in violation of 15 U.S.C. § 1125(d).

57. Defendants' unauthorized registration and use of the <nickreboot.com> domain name has caused and, unless enjoined by this Court, will continue to cause, irreparable injury to Viacom and to the goodwill associated with Viacom's Nickelodeon Marks.

///
///



1  58.  In addition to costs and injunctive relief, Viacom is entitled to an order directing Defendants to forfeit the <nickreboot.com> domain name and to transfer it to Viacom, and awarding Viacom statutory damages under 15 U.S.C. § 1117(d).

## FIFTH CAUSE OF ACTION

### (California Statutory Unfair Competition)

**[California Business and Professions Code § 17200, *et seq*.]**

59.  Viacom refers to, repeats and realleges all allegations contained in Paragraphs 1 through 58 of this Complaint and incorporates them by reference as though set forth in full.

60.  Defendants are making unauthorized commercial use of the Nickelodeon Marks in a deliberate, willful, intentional and wrongful attempt to trade on Viacom's goodwill, reputation and financial investments in the Nickelodeon Marks.

61.  By reason of Defendants' conduct as alleged herein, Defendants have engaged in unlawful, unfair and/or fraudulent ongoing business practices in violation of California Business & Professions Code § 17200.

62.  As a direct result of Defendants' unfair competition with regard to their unauthorized use of the Nickelodeon Marks, Defendants have unlawfully acquired, and continue to acquire on an ongoing basis, an unfair competitive advantage and have engaged in, and continue to engage in, wrongful business conduct to Defendants' monetary advantage and to the detriment of Viacom.

63.  Defendants' conduct as alleged herein has been undertaken willfully, maliciously, and with full knowledge and in conscious disregard of Viacom's rights.

64.  Defendants' illegal and unfair business practices are continuing, and injunctive relief pursuant to California Business and Professions Code § 17203 is necessary to prevent and restrain further violations by Defendants.

/ / /

/ / /



## SIXTH CAUSE OF ACTION

**(Common Law Trademark Infringement and Unfair Competition)**

65. Viacom refers to, repeats and realleges all allegations contained in Paragraphs 1 through 64 of this Complaint and incorporates them by reference as though set forth in full.

66. Defendants' unauthorized commercial use of Viacom's Nickelodeon Marks constitutes trademark infringement and is likely to cause confusion, deception and mistake among the consuming public and trade as to the source of, and authorization for, Defendants' <nickreboot.com> website run by Defendants in violation of the common law of the State of California.

67. Defendants' conduct as alleged herein has been undertaken willfully and maliciously, and with full knowledge and in conscious disregard of Viacom's rights.

68. As well as harming the public, Defendants' conduct as alleged herein has caused and will continue to cause Viacom irreparable harm for which there is no adequate remedy at law, and is also causing damage to Viacom in an amount which cannot be accurately computed at this time but will be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Viacom prays that:

1. Defendants and all of their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendants, or in concert or participation with Defendants and each of them, be preliminarily and permanently enjoined from:

   a. Distributing, reproducing, performing, selling, offering for sale, making available for download, streaming or making any other use of any copy or copies of the Viacom Works or any portion thereof in any form;

///



      b. Using the Nickelodeon Marks, or any other copy, reproduction, or colorable imitation of the Nickelodeon Marks in connection with Defendants' goods or services;

      c. Using any trademark, trade dress, service mark, name, logo, design or source of designation of any kind on or in connection with Defendants' goods or services that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Viacom, are sponsored or authorized by Viacom, or are in any way connected or related to Viacom;

      d. Passing off, palming off, or assisting in palming off, Defendants' goods or services as those of Viacom, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint;

      e. Operating the <nickreboot.com> website or any such further and additional websites, including any social media or other online media accounts, that may be discovered to be infringing Viacom's rights in any manner;

      f. Effecting any assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth herein.

2. Defendants and all of their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendants, or in concert or participation with Defendants and each of them, be required to deliver to Viacom, at Defendants' cost:

      a. All hard copies and electronic copies of the Viacom Works and any images from or other portions of the Viacom Works, as well



as any other images or television programs owned by Viacom, or any portions or modifications thereof, within the possession, custody or control of Defendants and any of them, pursuant to an appropriate protocol for identifying and retrieving all infringing electronically stored information within the possession, custody or control of Defendants;

b. Verifications under penalty of perjury confirming that Defendants have complied with the requirements of Paragraphs 1(a) through 1(f) and 2(a) above and that no copies of the Viacom Works or portions thereof remain within their possession, custody or control;

c. All servers, hard drives, flash drives, solid state drives, optical discs, mobile devices, personal computers and any other medium within their possession, custody or control, including online cloud storage service accounts, on which any copy or copies of the Viacom Works or any images from or other portions of the Viacom Works, or any other images or episodes owned by Viacom, or any portions or modifications thereof presently reside, or which have been used to disseminate any portion of the Viacom Works or any other portion thereof or any other images or episodes owned by Viacom, including all passwords, encryption keys and other credentials, data or other information that Viacom may require in order to conduct an independent forensic investigation to confirm that Defendants and each of them have complied with the requirements of Paragraphs 1(a) through 1(f) and 2(a) above and that the verifications delivered pursuant to Paragraph 2(b) above are truthful.

///



3. All third parties, including without limitation all Internet Service Providers ("ISP"), hosts, domain name server operators, cloud storage providers and advertising service providers, who are currently providing services used in connection with the <nickreboot.com> website or such further and additional websites that may be discovered, be added to the injunction as the Court finds equitable and appropriate.

4. All network information centers, registry operators and/or domain name registrars currently providing services in connection with the <nickreboot.com> domain name or such further and additional domain names that may be discovered and submitted to the Court be added to the injunction as the Court finds equitable and appropriate to disable service to such domain names, to place such domain names on "locked" status and to take all steps necessary to cancel the registrations of such domain names or effect the transfer of the registrations of such domain names to Viacom, at Viacom's option.

5. Any banks, savings and loan associations, payment processors or other financial institutions, payment providers, third party processors and advertising service providers of Defendants or any of them, to locate all accounts connected to Defendants or Defendants' infringing activities and to immediately cease transferring or disposing of any money or other of Defendants' assets, cease allowing such funds to be transferred or withdrawn, and cease allowing any diminutions to be made by Defendants from such accounts pending further order of the Court.

6. Defendants be directed to surrender immediately and without financial encumbrance to Viacom the domain name <nickreboot.com>.

7. The Court award Viacom actual damages and profits or statutory damages pursuant to 17 U.S.C. § 504, at the election of Viacom.

8. The Court award Viacom's costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.



9. The Court award Viacom compensatory and punitive damages; an accounting for all profits received by Defendants' unauthorized use of the Nickelodeon Marks, and confusingly similar imitations thereof; the costs of this action; reasonable attorneys' fees under 15 U.S.C. § 1117; statutory damages under 15 U.S.C. § 1117(d); and a trebling of damages and profits as authorized by law.

10. Based on Defendants' willful and deliberate infringement of Viacom's Nickelodeon Trademarks, and to deter such conduct in the future, Viacom be awarded punitive damages.

11. The Court retain jurisdiction of this action for the purpose of enabling Viacom to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

12. The Court grant Viacom such other and further relief as it deems just and equitable to make Viacom whole for the damage caused by Defendants.

**JURY TRIAL DEMAND**

Viacom respectfully demands a trial by jury on all claims and issues so triable.

DATED: February 27, 2015         KILPATRICK TOWNSEND & STOCKTON LLP

By:   /s/ David K. Caplan
      DAVID K. CAPLAN
      Attorneys for Plaintiff
      Viacom International Inc.

66953222V.1

