UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| VIACOM INTERNATIONAL INC., Plaintiff, v. JOHN DOES 1-5 inclusive dba nickreboot.com, Defendants. | Case No.: 15cv446-BAS(BLM) **ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR EXPEDITED DISCOVERY TO CONFIRM DEFENDANTS' IDENTITIES** [ECF NO. 5] |
|---|---|

On February 27, 2015, Plaintiff Viacom International, Inc. filed a complaint against Does 1-5 doing business as nickreboot.com alleging copyright infringement, trademark infringement, false designation of origin, cybersquatting, statutory unfair competition, and common law trademark infringement and unfair competition. ECF No. 1. Plaintiff alleges that it is the owner of television programming that originally aired on Nickelodeon, Nick at Night, Nick Jr., Teen Nick, NickMom, and Nicktoons. Id. at 5. Plaintiff alleges that Defendants operate a website called nickreboot.com, "which, without authorization, offers live streaming and on-demand viewing of classic television programming from the Nickelodeon channel, which is owned by Viacom." Id. at 2. Plaintiff claims that the website charges either $3.99, $19.99, or $35.99 for on demand viewing and accepts donations. Id. at 2. Members who provide a donation are offered "extended site features." Id.

Plaintiff is unaware of the true identities of the Defendants, but Plaintiff asserts that Whois Privacy Corp. is listed as the registrant of the nickreboot.com domain name and believes that Whois Privacy Corp. and other service providers such as payment processors and internet service providers are in possession of the Defendants' true identities and contact information. Id. at 8.

Thirty-one days after filing its complaint, Plaintiff filed the instant motion for "Expedited Discovery to Confirm Defendants' Identities." ECF No. 5-1. Plaintiff seeks an order from the Court allowing it to serve subpoenas on third parties who provide services to the Defendants who operate the website nickreboot.com so that the Defendants can be served with legal process. Id. at 2. Specifically, Plaintiff seeks to subpoena "billing records, website content, server logs . . . . and correspondence with Defendants." Id. at 8. Plaintiff also requests permission to "issue additional subpoenas as necessary based on new information it learns in the course of its ongoing analysis." Id. at 9.

The Court, having read all papers filed in connection with Plaintiff's motion, and having considered the issues raised therein **GRANTS** Plaintiff's motion as follows.

## DISCUSSION

A party may not seek discovery from any source before the Rule 26(f) conference unless that party obtains a stipulation or court order to conduct the discovery. Fed. R. Civ. P. 26(d)(1). A court order allowing early discovery may be appropriate "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276

2

15cv446-BAS(BLM)

(N.D. Cal. 2002) (adopting and applying the conventional standard of good cause in evaluating a plaintiff's request for expedited discovery).

Although discovery usually takes place only after a defendant has been served, "[s]ervice of process can pose a special dilemma for plaintiffs in cases . . . in which the tortious activity occurred entirely on-line . . . because the defendant may have used a fictitious name and address in the commission of the tortious acts." Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 577 (N.D. Cal. 1999). Accordingly, courts have, in rare cases, "permitt[ed] limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." Id. (citations omitted).

In determining whether a motion for expedited discovery should be granted to identify anonymous Internet users named as Doe defendants, courts must consider whether: (1) the plaintiff can "identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court"; (2) the plaintiff has "identif[ied] all previous steps taken to locate the elusive defendant"; and, (3) the "plaintiff's suit against defendant could withstand a motion to dismiss." Id. at 578-80. Finally, the plaintiff "should file a request for discovery with the Court, along with a statement of reasons justifying the specific discovery requested as well as identification of a limited number of persons or entities on whom discovery process might be served and for which there is a reasonable likelihood that the discovery process will lead to identifying information about defendant that would make service of process possible." Id. at 580.

**A.	Identification of Missing Party with Sufficient Specificity**

Plaintiff must first identify the Doe Defendants with sufficient specificity to enable the Court to determine that the Doe Defendants are real people subject to the Court's jurisdiction. The allegedly offending website is nickreboot.com, which according to Plaintiff's investigation, is registered to Whois Privacy Corp. ECF Nos. 5-1 at 3; 5-3 (Declaration of David Caplan "Caplan Decl.") at 2, Exhibit A. While this name appears to be false, Plaintiff has identified three Internet Protocol ("IP") addresses and their corresponding servers and entities associated with nickreboot.com and several companies and an individual who have provided services to the nickreboot.com website. ECF Nos. 5-1 at 3; 5-2 (Declaration of Bob Brasich "Brasich Decl.") at 3-4; Caplan Decl. at 2, Exhs. B-D. As Plaintiff persuasively argues, companies and individuals who provide services generally expect payment of some type from the entity receiving the service so it is likely that a real individual or company is running nickreboot.com and the service providers are likely to have accurate name and contact information for the Doe Defendants. ECF No. 5-1. at 3-4. The Court therefore finds that Plaintiff has made a satisfactory showing that there are real persons or entities behind the alleged infringing conduct who would be subject to suit in federal court. In addition, Plaintiff has presented evidence that one of the identified IP addresses is physically located in the Southern District of California. See Brasich Decl. at 3.

**B.	Previous Steps Taken to Locate Defendants**

Second, Plaintiff must describe all prior attempts it has made to identify the Doe Defendants to establish a good faith effort to locate and serve them. Here, Plaintiff retained a

private computer investigator to research the streaming of Plaintiff's various copyrighted shows, including the locations from which the nickreboot.com website was live-streaming content. Id. The investigator identified three servers through which nickreboot.com streamed the Viacom material and the assigned IP address and host for each of those servers. Id. at 3-4. This information, however, did not enable Plaintiff to identify the Doe Defendants. ECF No. 5-1 at 5. As set forth above, Plaintiff also has pursued a variety of publicly available sources in an effort to identify the Doe Defendants. ECF Nos. 5-1-5-7. Despite these efforts, Plaintiff has been unable to confirm the true identity of any of the Doe Defendants. Id. The Court therefore finds that Plaintiff has made a good faith, albeit unsuccessful, effort to identify and locate the Doe Defendants.

**C.   Whether Complaint Can Withstand a Motion to Dismiss**

Third, Plaintiff must establish that the legal claims set forth in his complaint could withstand a motion to dismiss.

    1.   Copyright Infringement (17 U.S.C. § 501)

"[A] plaintiff who claims copyright infringement must show: (1) ownership of a valid copyright; and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act." Ellison v. Robertson, 357 F.3d 1072, 1076 (9th Cir. 2004) (citing 17 U.S.C. § 501(a) (2003)); Ets-Hokin v. Skyy Spirits, Inc., 225 F.3d 1068, 1073 (9th Cir. 2000)). To prove a claim of direct copyright infringement, "a plaintiff must show that he owns the copyright and that the defendant himself violated one or more of the plaintiff's exclusive rights under the Copyright Act," whereas "[o]ne who, with knowledge of the infringing activity,

induces, causes or materially contributes to the infringing conduct of another may be liable as a 'contributory' [copyright] infringer. Ellison, 357 F.3d at 1076 (alteration in original) (citation omitted). The Ninth Circuit has "interpreted the knowledge requirement for contributory copyright infringement to include both those with actual knowledge and those who have reason to know of direct infringement." Id. (alteration in original) (citation omitted).

Plaintiff alleges that it is the owner of, and holds the copyright registration certificates for, various television programs that Defendants reproduced and publicly distributed without authorization. ECF No. 1. at 2, 4, 7, and Exh. B; ECF No. 5-1 at 6. Plaintiff also asserts that Defendants "are fully aware of Viacom's exclusive rights, and have infringed Viacom's rights willfully, maliciously and with wanton disregard." ECF No. 1 at 9. Accordingly, Plaintiff has alleged the prima facie elements of both direct and contributory copyright infringement and could withstand a motion to dismiss these claims. See Columbia Ins. Co., 185 F.R.D. at 579-80.

2. Trademark Infringement (15 U.S.C. §1114(1))

The Lanham Act allows the holder of a protectible trademark to hold liable any person who, without consent, "use[s] in commerce any . . . registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . . ." 15 U.S.C. § 1114(1). Thus, "to prevail on a claim of trademark infringement under the Lanham Act, 15 U.S.C. § 1114, a party must prove: (1) that it has a protectible ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion."

Network Automation, Inc. v. Advanced Sys. Concepts, Inc., 638 F.3d 1137, 1144 (9th Cir. 2011) (citation and internal quotation marks omitted).

Plaintiff alleges that it is "the owner of numerous United States Trademark Registrations for NICKELODEON, NICK AT NIGHT, NICK JR., TEENNICK, NICKTOONS and NICK, including registrations for various television shows that air or have aired on the Nickelodeon Networks (collectively the "Nickelodeon Marks")." ECF No. 1 at 7. Plaintiff further alleges that Defendants "have used marks confusingly similar to Viacom's federally registered Nickelodeon Marks in violation of 15 U.S.C. § 1114." Id. at 10. Accordingly, Plaintiff has alleged a prima facie claim for trademark infringement pursuant to 15 U.S.C. § 1114(1) that could withstand a motion to dismiss. See Columbia Ins. Co., 185 F.R.D. at 579-80.

### 3. False Designation of Origin (15 U.S.C. § 1125(a))

"To be liable for trademark infringement under § 1125(a), a person must (1) use in commerce (2) any word, false designation of origin, false or misleading description, or representation of fact, which (3) is likely to cause confusion or misrepresents the characteristics of his or another person's goods or services." Freecycle Network, Inc. v. Oey, 505 F.3d 898, 902 (9th Cir. 2007) (citing 15 U.S.C. § 1125(a)). "The core element of trademark infringement is the likelihood of confusion, i.e., whether the similarity of the marks is likely to confuse customers about the source of the products." Abercrombie & Fitch Co. v. Moose Creek, Inc., 486 F.3d 629, 633 (9th Cir. 2007) (citation omitted).

As stated above, Plaintiff alleges that it owns "numerous United States Trademark Registrations for NICKELODEON, NICK AT NIGHT, NICK JR., TEENNICK, NICKTOONS and

NICK." ECF No. 1 at 7. Plaintiff further alleges that Defendants "have made false representations, false descriptions, and false designations of their services in violation of 15 U.S.C. § 1125(a)" and have used confusingly similar imitations of the Nickelodeon Marks which has caused and will continue to cause "confusion, deception, and mistake by creating the false and misleading impression that Defendants' <nickreboot.com> website is affiliated, connected, or associated with Viacom, or has the sponsorship, endorsement, or approval of Viacom." Id. at 11. Accordingly, Plaintiff has alleged the prima facie elements of trademark infringement under § 1125(a) and could withstand a motion to dismiss these claims.

### 4. Cybersquatting (15 U.S.C. § 1125(d))

"The Anti-Cybersquatting Consumer Protection Act establishes civil liability for 'cyberpiracy' where a plaintiff proves that (1) the defendant registered, trafficked in, or used a domain name; (2) the domain name is identical or confusingly similar to a protected mark owned by the plaintiff; and (3) the defendant acted with 'bad faith intent to profit from that mark.'" DSPT Int'l, Inc. v. Nahum, 624 F.3d 1213, 1218-19 (9th Cir. 2010) (footnote omitted) (quoting 15 U.S.C. § 1125(d)(1)(A)).  In determining whether a person has a bad faith intent to profit, a court may consider, amongst other things, "the person's intent to divert consumers from the mark owner's online location to a site accessible under the domain name that could harm the goodwill represented by the mark," as well as "the person's provision of material and misleading false contact information when applying for the registration of the domain name . . . ." 15 U.S.C. § 1125(d)(1)(B)(V), (VII).

Plaintiff alleges that "Defendants registered the <nickreboot.com> domain name, which fully incorporates the NICK word mark and is confusingly similar to the Nickelodeon Marks, with a bad faith intent to profit from the Nickelodeon Marks and the consequent confusion of Internet users without any reasonable grounds to believe that Defendants' use and registration of the <nickreboot.com> domain name was fair." ECF No. 1 at 12. Plaintiff notes that Defendants' use of the nickreboot.com website is without its authorization. Id. Accordingly, the Court concludes that Plaintiff has alleged the prima facie claim for cybersquatting capable of withstanding a motion to dismiss.

### D. Specific Discovery Request

The final requirement is that plaintiff "should file a request for discovery" and must identify a "limited number of persons or entities on whom discovery process might be served and for which there is a reasonable likelihood that the discovery process will lead to identifying information about [the] defendant that would make service of process possible." Seescandy.com, 185 F.R.D. at 580. Here, Plaintiff does not attach the proposed discovery requests but it appears that Plaintiff seeks to subpoena business records (billing records, website content, server logs, and correspondence with Defendants) from Internet Domain Services B.S. Corp., Whois Privacy Corp., Cloudflare, Inc., Softlayer Technologies, Inc., Boston City Hospital, University of California, San Diego, Jason Botello, and PayPal. ECF No. 5-1 at 4, 8. Plaintiff explains that seeking similar information from a number of entities or persons who provided services to benefit nickreboot.com will enable Plaintiff to determine if the identity information provided about Defendants is accurate. Id. at 8-9. Plaintiff also seeks authority to

"issue additional subpoenas as necessary based on new information it learns in the course of its ongoing analysis of publicly-available information about Defendants and/or based on information provided in response to its subpoenas." Id. at 9.

The Court finds that Plaintiff has provided sufficient justification for its request to subpoena the identified entities and person but not to continue to subpoena entities and persons it may subsequently discover. Early discovery is designed to enable Plaintiff to identify and serve Defendants and the identified discovery requests further this goal. However, once Plaintiff is able to identify and serve Defendants, early discovery should cease. Moreover, Plaintiff has not adequately described or limited the additional discovery that might be conducted. Accordingly, Plaintiff's request to continue to subpoena third parties who may have documents relating to Defendants is denied at this time. If Plaintiff is unable to identify and serve Defendants after receiving responses to the authorized subpoenas, Plaintiff may petition the Court for permission to issue additional subpoenas.

## **CONCLUSION**

For the foregoing reasons, the Court finds that Plaintiff has demonstrated a need to conduct specific early discovery in order to identify and serve the Defendants. The Court therefore orders that:

1. Plaintiff may issue subpoenas to Internet Domain Services B.S. Corp., Whois Privacy Corp., Cloudflare, Inc., Softlayer Technologies, Inc., Boston City Hospital, University of California, San Diego, Jason Botello, and/or PayPal for billing

    records, website content, server logs, and correspondence with nickreboot.com and/or any individual or entity operating, or associated with, nickreboot.com.

2. Plaintiff may only use the disclosed information for the sole purpose of identifying and serving the Defendants and protecting its rights in this litigation.

**IT IS SO ORDERED**.

Dated: April 13, 2015

Hon. Barbara L. Major
United States Magistrate Judge